UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25030-BLOOM/Otazo-Reyes

JESSE HARRIS,

    Plaintiff,

v.

MIAMI POLICE DEPARTMENT and
OFFICER TANIA BAUZA,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff Jesse Harris's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, ECF Nos. [3] & [7] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Complaint, the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Complaint is dismissed, and his Motion is denied as moot.

    A. **Subject-Matter Jurisdiction**

As an initial matter, a review of Plaintiff's Complaint reveals that he has failed to assert any basis for invoking this Court's jurisdiction. Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13

(11th Cir. 2006). To establish original jurisdiction, a litigant must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

In the instant action, Plaintiff asserts that the basis for federal jurisdiction is federal question jurisdiction. *See* ECF No. [1] at 3. However, when prompted to list "the specific federal statutes, federal treatises, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff fails to set forth any basis for federal question jurisdiction. The failure to specify any basis for this Court's jurisdiction is wholly inadequate, and it is not the Court's responsibility to guess which federal statute or constitutional provision supports Plaintiff's position that federal question jurisdiction exists here. As such, on this basis alone, Plaintiff's Complaint is due to be dismissed for lack of jurisdiction.

**B. Abstention**

Additionally, even if Plaintiff had alleged a proper basis for this Court's jurisdiction in this case, abstention principles weigh strongly in favor of dismissal. Plaintiff's Complaint specifically asserts that on November 23, 2020, Plaintiff was "picked up" by Defendant Tania Bauza, a Miami police officer, and admitted to a crisis center program at the Miami-Dade Crisis Center. ECF No. [1] at 4. After being admitted, Plaintiff alleges that he was given an injection that caused him to pass out, at which point Officer Bauza allegedly "stole [his] two cell phones and [his] debit card from his belongings at the crisis center." *Id.* Based upon these allegations, Plaintiff requests that

"the Court order the return of [his] two cell phones and debit card that [were] taken from [his] belongings by Officer Bauza[.]" *Id.*

However, "[s]ince the beginning of this country's history, Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal court." *Younger v. Harris*, 401 U.S. 37, 43, (1971). The *Younger* doctrine dictates that a federal court must abstain from deciding issues implicated in an ongoing state court proceeding, absent extraordinary circumstances. *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983). Indeed, principles of equity, comity, and federalism warrant abstention in deference to ongoing state court proceedings. "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). However, there are a few, narrow exceptions to the *Younger* doctrine when "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

In the instant case, Plaintiff has not provided a basis for this Court to overlook the principles of abstention. The specific challenges Plaintiff raises with respect to his state court case implicate important state interests, and he may present his claims in the ongoing state court proceedings. Moreover, none of the exceptions to the application of *Younger* abstention apply. *See Davis-Bey v. Pooler*, No. 20-cv-24967, 2020 WL 7385755, at *2-3 (S.D. Fla. Dec. 16, 2020). As such, this case must be dismissed due to principles of abstention.

Case No. 20-cv-25030-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.

2. Plaintiff's Motion, **ECF Nos. [3] & [7],** is **DENIED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jesse Harris
1065 SW 8th Street
#12
Miami, FL 33130